J-A04032-23, J-A04036-23, J-A04040-23, J-A04042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN DONAHUE | : | |
| | : | |
| Appellant | : | No. 1876 MDA 2018 |

Appeal from the Order Entered November 1, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003501-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN DONAHUE | : | |
| | : | |
| Appellant | : | No. 1647 MDA 2019 |

Appeal from the Order Entered September 24, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003501-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN DONAHUE | : | |
| | : | No. 566 MDA 2021 |
| Appellant | | |

Appeal from the Order Entered April 5, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003501-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN DONAHUE | : | |
| | : | |
| Appellant | : | No. 743 MDA 2022 |

Appeal from the Order Entered February 9, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003501-2012

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM PER CURIAM:                    **FILED MARCH 09, 2023**

We address together these four appeals, taken by serial *pro se* filer Sean Donahue (Appellant), from orders entered between 2018 and 2022 at the same criminal docket in the Luzerne County Court of Common Pleas.[1]

_____

[1] Throughout this matter, Appellant has inundated the courts with numerous filings, each lengthy and including hundreds of pages of attachments.  The trial docket spans 89 pages.  The briefs for three of these appeals, together with their exhibits, each exceed 600 pages; the brief, with attachments, for 743 MDA 2022 alone is 1,778 pages long.

Appellant has previously taken five appeals in this matter, all of which were dismissed or quashed.  ***See* 1623 MDA 2018** (Pa. Super. Dec. 28, 2018 order) (quashing appeal from non-final June 14, 2018, trial court order denying "motion for return of all civil rights"); **364 MDA 2019** (Pa. Super. Dec. 10, 2019 order) (quashing appeal from same June 14, 2018, trial court
*(Footnote Continued Next Page)*

Appellant seeks relief after a jury found him guilty of one count of terroristic threats,[2] on July 10, 2017, and the court imposed a sentence of 120 days to 23 months' imprisonment on September 18, 2017. At Docket No. 1876 MDA 2018, contemporaneous with the appeal, counsel for Appellant, Mary Deady, Esquire, seeks permission to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).[3] Based on the following, we grant counsel's petition to withdraw and affirm the court's order. At the remaining

_____

order, which had been entered on trial docket a second time); **1608 MDA 2019** (Pa. Super. Feb. 20, 2020 order) (dismissing as duplicative of appeal at 1647 MDA 2019); **150 MDA 2021** (Pa. Super. Mar. 29, 2021 order) (quashing appeal from non-final January 4, 2021, order denying motion for extension of time to file a post-conviction relief petition); **926 MDA 2022** (Pa. Super. Jul. 26, 2022 order) (dismissing as duplicative of appeal at 743 MDA 2022).

Additionally, currently before this panel are Appellant's eight *pro se* appeals relating to his harassment convictions in the Dauphin County Court of Common Pleas at Docket No. CP-22-CR-0003716-2015. **See 1168 MDA 2018, 920 MDA 2019, 1179 MDA 2019, 1582 MDA 2019, 589 MDA 2020, 947 MDA 2020, 502 MDA, 182 MDA 2022**. In that matter, Appellant sent four threatening email messages to approximately 50 individuals, including employees of the Pennsylvania Department of Labor, which included statements like, "I will pursue punishment of you," and "You won't have to explain to a judge how you rectify me having spent so much money on civil court actions instead of just buying a $200 gun and $20 box of ammunition and killing your employees . . . ." **Commonwealth v. Donahue**, 1469 MDA 2016 (unpub. memo. at 2) (Pa. Super. June 5, 2017) (direct appeal), *appeal denied*, 610 MAL 2017 (Pa. Jan. 30, 2018).

[2] 18 Pa.C.S. § 2706(a)(1).

[3] As will be discussed in detail below, Attorney Deady adopted prior counsel's *Anders* brief.

dockets, Docket Nos. 1647 MDA 2019, 566 MDA 2021, 743 MDA 2022, we affirm the orders denying Appellant's multiple petitions for writ of *coram nobis* and Post Conviction Relief Act (PCRA)[4] relief, on the ground he is no longer serving his sentence.[5]  Appellant has also filed four applications for relief[6] with this Court at Docket Nos. 1647 MDA 2019 and 743 MDA 2022; we deny all of them.

## I. 2017 Trial, Judgment of Sentence, & Subsequent Proceedings

The underlying charges arose from Appellant's sending, in August of 2012, an email message to the Luzerne County District Attorney, threatening to "essentially engage in a gun fight with police officers[ ] if the District Attorney does not do as he desires[, and stating] people will be killed if he

_____

[4] 42 Pa.C.S. §§ 9541-9546.

[5] **See** 42 Pa.C.S. §§ 9542 (PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law . . . remedies . . . including . . . *coram nobis*."), 9543(a)(1)(i) (to be eligible for PCRA relief, petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime").

[6]  Specifically, Appellant filed: (1) an "Application for Relief Per Pa.R.A.P. 1926(b)(1) to Supplement the Certified Trial Court Record with the Attached Copy of the Trial Exhibits and Trial Transcript, which Indexes the Exhibits" on January 22, 2023 at Docket No. 743 MDA 2022; (2) a "Notice to the Superior Court Regarding Appellant's January 25, 2022 Request to the Trial Court Regarding Trial Exhibits" on February 2, 2023, also at Docket No. 743 MDA 2022; (3) a "Second Notice to the Superior Court Regarding Appellant's January 25, 2022 Request to the Trial Court Regarding Trial Exhibits" on February 8, 2023, also at Docket No. 743 MDA 2022; and (4) an "Application for Relief" on February 6, 2023, at Docket No. 1647 MDA 2019.  We will dispose of these applications concertedly with their related appeals.

does not get the actions that he demands." ***Commonwealth v. Donahue***, 1949 MDA 2017 (unpub. memo. at 1-2) (Pa. Super. Aug. 22, 2018) (direct appeal), *appeal denied*, 753 MAL 2018 (Pa. Apr. 23, 2019), *cert. denied*, 19-5808 (U.S. Oct. 15, 2019). Appellant continued to send additional e-mails to the District Attorney, which contained "threats of violence towards government employees and police officers." ***Id.***

The Commonwealth charged Appellant with terroristic threats and harassment. Subsequently, Appellant filed a writ of *habeas corpus* to dismiss the charges. On October 28, 2013, the trial court dismissed the charges, to which the Commonwealth filed an appeal. A panel of this Court affirmed the dismissal of the harassment charge, but reversed the dismissal of the terroristic threats charge, and remanded the matter to the trial court for further proceedings. ***See Commonwealth v. Donahue***, 2184 MDA 2013 (Pa. Super. May 19, 2015) (unpub. memo. at 8-19), *appeal denied*, 660 MAL 2015 (Pa. Dec. 22, 2015).

As noted above, on July 10, 2017, a jury found Appellant guilty of terroristic threats. On September 18, 2017, the trial court sentenced him to a term of 120 days to 23 months' imprisonment, with 280 days credit for time served, and he was immediately paroled. ***See Donahue***, 1949 MDA 2017 (unpub. memo. at 6). Thereafter, Matthew P. Kelly, Esquire, was appointed as Appellant's conflict counsel. Appellant filed a post-sentence motion, which the court denied on December 7, 2017. Appellant filed a direct appeal, and

Attorney Kelly filed a petition to withdraw as counsel and an accompanying brief pursuant to *Anders*. This Court affirmed the judgment of sentence on August 22, 2018, and granted Attorney Kelly's motion to withdraw. *Donahue*, 1949 MDA 2017. Appellant filed a petition for reargument, which was denied on October 17, 2018. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 23, 2019, and the United States Supreme Court denied his petition for writ of *certiorari* on October 15, 2019.

In the interim, Appellant filed a *pro se* motion for stay of sentence on October 9, 2018, "so that he will still be able to file a PCRA Petition and so that [he] will not be time barred." Appellant's Motion for Stay of Sentence, 10/9/18, at 1. On October 31, 2018, the trial court held a hearing on the motion. Appellant and Attorney Kelly were both present at the proceeding. Attorney Kelly stated that his appearance was due to "a procedural quagmire[,]" because while he had been granted the motion to withdraw as to Appellant's direct appeal, he was "still counsel of record" as to Appellant's "pending appeal for return of property[.]" N.T., 10/31/18, at 3-4.[7] For purposes of these appeals, and as will be discussed *supra*, it appears Attorney Kelly was also considered counsel of record in relation to Appellant's motion

_____

[7] That matter regarding the return of property is not before us.

for stay of sentence. ***See id.*** at 19 ("THE COURT: But you're not representing him because you're out of the case. [Attorney Kelly]: I'm back in, Judge.").

The following day, the trial court entered an order, denying Appellant's motion for the following reasons:

1. A serious question exists as to whether we have jurisdiction to even consider this motion in light of the fact that [Appellant] has a petition for allowance of appeal pending before the [Pennsylvania] Supreme Court from the denial of his direct appeal.

2. While it might be a difficult decision for him, [Appellant] does have the ability to preserve his PCRA rights by withdrawing his motion for allowance of appeal to the Supreme Court and filing a PCRA petition prior to November [21], 2018, which all counsel seem to agree is the max[imum] date of his existing sentence.

Order of Court, 11/1/2018, at 1-2 (unpaginated). Appellant appealed from the trial court's order, which is currently docketed before this panel at No. 1876 MDA 2018.

Since then, Appellant has filed copious petitions advancing various grievances. The remaining three appeals (Docket Nos. 1647 MDA 2018, 566 MDA 2021, 743 MDA 2022) are taken from orders, entered between August 2019 and February 2022, denying relief as to Appellant's multiple petitions for writ of *coram nobis*. Appellant's numerous appeals have resulted in the transmittal, back and forth, of the certified record between the trial court and

this Court. This Court directed that his related appeals be listed consecutively, and they are now before this merits panel.[8]

Upon informal inquiry by this panel, the trial court provided a letter from the Luzerne County Department of Probation Services (DPS), explaining that Appellant completed serving his supervision (or sentence) on November 21, 2018.[9] **See** Letter from Briana Cantwell, Luzerne County Department of Probation Services, 1/26/23.

## II.  1876 MDA 2018

### November 1, 2018, Denial of Motion for Stay of Sentence, *Anders* Brief, & Counsel's Motion to Withdraw

As mentioned, Appellant filed a *pro se* notice of appeal regarding the trial court's November 1, 2018, order denying his motion to stay of his sentence. He then filed a *pro se* application for the appointment of new counsel which this Court denied without prejudice to seek relief in the trial court. **See** Order, 12/21/18. On January 10, 2019, Attorney Kelly filed an **Anders** brief and an application to withdraw as counsel. On January 30, 2019,

_____

[8] This Court previously continued oral argument for these matters on December 10, 2021. **See** Order, 12/10/21. Appellant asked for a second continuance on January 29, 2023. We denied his request. **See** Order, 2/6/23.

[9] At the October 31, 2018, hearing, the trial court indicated Appellant's maximum sentence date was November 12, 2018, as opposed to November 21st, as stated in the DPS letter. **See** N.T., 10/31/18, at 17. The discrepancy of nine days does not affect our analysis, but we will apply the later date to our analysis.

this Court issued a rule to show cause (RTSC) why the appeal should not be quashed as interlocutory. **See** Order, 1/30/19. Appellant filed a *pro se* response to the RTSC, which was forwarded to Attorney Kelly. **See Jette**[10] Letter Sent to Counsel, 2/4/19. On February 8, 2019, Attorney Kelly also filed a response to the RTSC, which merely stated: "[A]ppellant alleges that said Order is a final Order of Court and that this matter is ripe for disposition." **See** Attorney Kelly's Response to Rule to Show Cause, 2/8/19.

During this time, on December 31, 2018, Appellant filed a *pro se* request for the appointment of new counsel in the trial court. The trial court entered an order on February 5, 2019, in response to Appellant's request, which removed Attorney Kelly and appointed Attorney Deady to represent Appellant. In light of the trial court's February 5th order, this Court denied Attorney Kelly's petition to withdraw as counsel as moot. **See** Order, 2/15/19. On March 5, 2019, we directed Attorney Deady to enter her appearance in this Court, to respond to the RTSC, and to advise the Court whether she intends to rely on the **Anders** brief filed by Attorney Kelly or file a new brief. **See** Order, 3/5/19.

On March 15, 2019, Attorney Deady filed a response to the RTSC, stating that pursuant to **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), Appellant was entitled to unitary review of both his direct appeal and PCRA

---

[10] **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

- 9 -

issues as he met the exception of a short sentence, and therefore, a claim that Attorney Kelly was ineffective had arguable merit, but did not satisfy the remaining requirements for obtaining ineffective assistance of counsel relief.[11] *See* Appellant's Response as to Why Appeal Should Not Be Quashed, 3/15/19, at 4-5. Specifically, Attorney Deady stated that: (1) the record was not developed enough and, therefore, did not support the claim that counsel lacked a reasonable strategic basis for his actions; (2) she was not aware of any law or rule of appellate procedure that would provide for simultaneous jurisdiction over the issue of judgment of sentence at both the trial court and appellate level; and (3) Appellant was no longer serving his sentence and, consequently, there would be no point to staying his sentence. *Id.* at 5-6. Attorney Deady stated that she would rely on prior counsel's *Anders* brief and "would concur that this appeal should be quashed as interlocutory." *Id.* at 6.

The following day, Appellant filed a *pro se* answer to Attorney Deady's reply. On April 3, 2019, this Court discharged the RTSC and referred the issue to the merits panel. The matter went dormant until October 8, 2021, when this Court directed Attorney Deady to file a separate petition to withdraw as counsel — because we had denied Attorney Kelly's withdrawal motion as moot

---

[11] Counsel is presumed effective, and to overcome that presumption, a petitioner must plead and prove: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). A claim will be denied if the petitioner fails to meet any one of these prongs. *See id.*

— and Attorney Deady complied on October 8, 2021.[12] The matter is now properly before us.

Appellant presents, *via* counsel's **Anders** brief, the following issue for our review:

> I. Whether trial court has jurisdiction and authority to consider Appellant's Motion for Stay of Sentence[?]

**Anders** Brief at 1.

When, as here, Attorney Deady files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, an **Anders** brief must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

---

[12] Notably, Appellant filed a *pro se* answer to Attorney Deady's application to withdraw, which was 649 pages in length. **See** Appellant Response to Incorrect Claims Made by [Attorney] Deady in her October 8, 2021 Application to Withdraw, 10/19/21.

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting* ***Santiago***, 978 A.2d at 361.

In the present case, both Attorney Kelly and Attorney Deady filed petitions for leave to withdraw on January 10, 2019 and October 8, 2021, respectively.[13] In Attorney Deady's petition, she averred she reviewed the record and determined "this appeal is wholly frivolous and that no meritorious issues exist." Attorney Deady's Petition to Withdraw as Counsel, 10/8/21, at 1 (unpaginated). While Attorney Deady's petition did not include a copy of any letter to Appellant advising him of his appellate rights, we presume he received the document because he filed a response to it on October 19, 2021. ***See*** Appellant's Response to Incorrect Claims Made by [Attorney] Deady in her October 8, 2021 Application to Withdraw, 10/19/21. Moreover, Attorney Kelly had sent a letter to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points deemed worthy for this Court's attention. ***See*** Attorney Kelly's Letter to Appellant, 1/9/19 at 1 (unpaginated); ***see also Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005).

_____

[13] Based on history of this case, we find it necessary to review both attorneys' filings.

The **Anders** brief raises the "stay of sentence" challenge, as well as counsel's reasons why the issues would be wholly frivolous. **See Anders** Brief at 6-8. Appellant filed a *pro se* response to the brief on February 28, 2019, and on March 16, 2019, after Attorney Deady indicated that she would rely on Attorney Kelly's brief. Accordingly, we determine Attorney Deady has complied with the technical requirements of **Anders** and **Santiago**. **See Cartrette**, 83 A.3d at 1032.

We now review the issue presented in the **Anders** brief and conduct an independent review of the record to discern if there are non-frivolous issues. **See Commonwealth v. Ziegler**, 112 A.3d 656, 660 (Pa. Super. 2015). We conclude there are none.

Appellant claims that the trial court erred by denying his motion for stay of sentence. **See Anders** Brief at 6. Appellant sought the stay of sentence because: (1) his time for filing a PCRA petition was limited since his sentence was to expire approximately one month later; (2) his direct appeal was still ongoing but he wanted the opportunity to file a PCRA petition; (3) there were "many issues that were deemed by the trial court to be matters that must wait, until after the [d]irect [a]ppeal is complete and the PCRA phase of the case is initiated, [which] could have actually been simultaneously considered during the [d]irect [a]ppeal process." Appellant's Motion for Stay of Sentence, 10/9/18, at 1-2.

- 13 -

A review of the record reveals that at the October 2018 hearing on the matter, both counsel for Appellant and the Commonwealth indicated there were two appellate matters pending — the petition for allowance of appeal before the Pennsylvania Supreme Court as to the denial of Appellant's direct appeal as well as an appeal before this Court relating to Appellant's motion for a return of property. N.T., 10/31/18, at 4, 6. Furthermore, the parties and the court acknowledged Appellant's sentence would be completed in mid-November 2018. *Id.* at 10. Moreover, Attorney Kelly indicated that Appellant "could withdraw his appeal and deal with the PCRA. I've seen that happen all the time. Because you can't address the PCRA while there's an appeal pending. . . . That's the only way to do it, I think." *Id.* at 7.

Appellant's argument fails for several reasons. First, pursuant to Pennsylvania Rule of Appellate Procedure 1701(a), "after an appeal is taken or review of a quasijudicial order is sought, the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a); *see Commonwealth v. Smith*, 244 A.3d 13, 17 (Pa. Super. 2020) ("Once an appeal is filed, a trial court has no jurisdiction to proceed further in the matter, absent limited exceptions not applicable here."). Accordingly, here, the court lacked jurisdiction to review a PCRA petition while Appellant's direct appeal was still pending. *See Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000) ("A PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights."); *see also Commonwealth v. Williams*,

215 A.3d 1019, 1023 (Pa. Super. 2019) (explaining that "[i]f a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted") (citation omitted).

Indeed, as Attorney Kelly pointed out at the hearing, Appellant could have withdrawn his direct appeal and then filed a PCRA petition, thereby, preserving and protecting his purported PCRA claims. He has presented no law to support his contention that he may proceed on both a direct appeal and a PCRA review simultaneously.[14]

Second, when a defendant completes a sentence, he is no longer subject to any direct criminal or civil consequences thereto, and thus any challenge to the sentence is incapable of review and moot. *See Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009); *Commonwealth v. King*, 786 A.2d 993, 996-97 (Pa. Super. 2001). As stated above, the Luzerne County DPS confirmed that Appellant completed his sentence in November of

---

[14] It merits mention that *Holmes*, which Appellant references, does not stand for the proposition that an appellant may pursue a direct appeal and a PCRA petition at the same time. Rather, *Holmes* held that a trial court retained discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal "only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." *Holmes*, 79 A.3d at 564 (footnotes omitted).

2018. Accordingly, we deem Appellant's present appeal is moot. ***See id.*** Moreover, our independent review of the record reveals no non-frivolous issues to be raised on appeal. ***See Ziegler***, 112 A.3d at 660.

In sum, we agree with Attorney Deady that Appellant's desired issue is frivolous, and conclude the record reveals no other potential, non-frivolous issue for appeal at Docket No. 1876 MDA 2018. Accordingly, we grant Attorney Deady's petition to withdraw from representation and affirm the November 1, 2018, order denying his motion for stay of sentence.

### III. 1647 MDA 2019, 566 MDA 2021, & 743 MDA 2022

For ease of discussion, we review Appellant's ensuing filings in chronological order. All of them were filed after he had filed the above appeal, 1876 MDA 2018, **and** after he completed his sentence.

### A. PCRA Standard of Review & Eligibility for Relief

We first note: "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Beatty***, 207 A.3d 957, 960-61 (Pa. Super. 2019).

The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law . . . remedies . . . including . . . coram nobis." 42 Pa.C.S. § 9542.

"To be eligible for [PCRA] relief[,] the petitioner must plead and prove by a preponderance of the evidence" they are "currently serving a sentence

- 16 -

of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). Additionally, as stated above:

> Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, . . . because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition."
>
> If the petitioner pursues the pending appeal, then the PCRA court is required . . . to dismiss any subsequent PCRA petitions filed while that appeal is pending.

*Beatty*, 207 A.3d at 961 (citations omitted & paragraph break added).

### B. 1647 MDA 2019

### September 24, 2019, Order Denying Petition for Writ of *Coram Nobis*

On August 26, 2019, Appellant filed a *pro se* document entitled: "I. Addendum to Transcription of October 3, 2012 Preliminary Hearing Transcript; II. Petition for Writ of *Coram Nobis* (New Transcript); III. Petition for Writ of *Habeas Corpus* (New Transcript)." Appellant raised the issue of "after-discovered evidence," and sought relief under 42 Pa.C.S. §§ 9542, 9543(a)(2)(i), (ii), (iv), (vi), and 9545(b)(1)(i)-(ii), (b)(2). *See* Appellant's Petition for Writ of *Coram Nobis*, 8/26/19, at 26-27. On September 24, 2019, the trial court denied the petition, stating: "Initially, we decline to take action based on our belief that [Appellant] is no longer serving a sentence. With respect to the merits of the [p]etition, we are satisfied beyond any doubt that

the new 'evidence' would not have had any effect on the jury's verdict." Order, 9/24/19.[15]

At this juncture, we note that Appellant filed his petition while his direct appeal was still pending before the United States Supreme Court, which did not deny his petition for writ of *certiorari* until October of 2019. Based on this procedural detail, it appears the trial court, in its subsequent opinion, however, suggested: "A remand is necessary to vacate [its] September 24, 2019, [o]rder denying [Appellant]'s [p]etition for [w]rit of *[c]oram [n]obis* and

_____

[15] During this time, Appellant filed several more *pro se coram nobis* petitions; (1) May 30, 2019, petition for writ of coram nobis; (2) June 13, 2019, corrected petition for writ of *coram nobis*; (3) July 10, 2019, petition for writ of *coram nobis*; (4) July 15, 2019, petition for writ of *coram nobis* III and petition for writ of *habeas corpus* II; and (5) July 25, 2019, petition for writ of *habeas corpus* III. Appellant mistakenly believed that the September 24, 2019, order denied all of these petitions. As such, he filed a single notice of appeal at Docket No. 1608 MDA 2019, purporting to appeal from the denial of all the petitions. He later filed new notices of appeal at 1640-1647 MDA 2019.

The trial court clarified that its September 24th order denied only his August 26, 2019, petition. On December 16, 2019, this Court directed Appellant to show cause why the appeal at 1608 MDA 2019 should not be quashed (1) as non-complaint with Pa.R.A.P. 341 because on its face, the notice of appeal appeared to be appealing from nine separate orders, and (2) as duplicative of the present appeal. **See** Order, 12/16/19. Appellant filed a response, admitting that the appeals were identical and did not object to 1608 MDA 2019 being quashed.

By separate orders, this Court quashed the appeal at 1608 MDA 2019 and directed that Appellant be permitted to file a Pa.R.A.P. 1925(b) concise statement and that the trial court file a supplemental opinion. **See** Orders, 2/20/20. Appellant filed his concise statement on February 26, 2020, and the trial court filed a supplemental opinion on August 27, 2020.

reconsider [his] [p]etition . . . as a [p]etition under the [PCRA]." Trial Ct. Op., 8/27/20, at 3 (unpaginated). The court further noted: "All of [Appellant]'s claims are cognizable under the PCRA as they seek relief from his judgment of sentence after it became final and involve claims that should be brought in a PCRA petition." *Id.* at 4 (unpaginated).[16] We conclude that no relief is due.

First, regardless of Appellant's titling his filing as a petition for writ of *coram nobis*, the claims presented were cognizable under the PCRA, and thus "the PCRA [was] the only method of obtaining" the requested review. *See* 42 Pa.C.S. § 9542 (PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law . . . remedies . . . including . . . coram nobis."), *Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016) ("[P]ursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review."). As such, the court correctly treated this petition as a PCRA petition in its September 24th order and denied relief because Appellant was no longer

---

[16] By letter filed August 19, 2021, the trial court again requested that this Court remand the matter so that the petition at issue could be addressed pursuant to the PCRA. *See* Letter from Senior Judge Stephen B. Lieberman to Superior Court, 8/19/21, at 1 (unpaginated). The next day, Appellant filed a *pro se* response in opposition to the remand. Three days later, this Court directed the Commonwealth to show cause why the appeal should not be remanded. *See* Order, 8/24/21. The Commonwealth filed a response, explaining that that it understood the trial court's position but noting that the trial court lacked jurisdiction to proceed under the PCRA while the record remained with this Court. *See* Commonwealth's Answer to Rule to Show Cause Order, 8/25/21, at 1-2.

serving his sentence when he filed the petition. **See** 42 Pa.C.S. § 9543(a)(1)(i) (to be eligible for PCRA relief, petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime"). Indeed, this Court has previously opined:

> [T]he Pennsylvania Supreme Court has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. In addition, this court determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.

**Commonwealth v. Hart**, 911 A.2d 939, 941-42 (Pa. Super. 2006). Accordingly, we discern that a remand is not necessary as the trial court did not err in its denial of PCRA relief.[17]

Second, it appears Appellant was represented by counsel during this time,[18] and therefore, the denial of relief was also proper under our long

---

[17] Moreover, Appellant improperly filed this petition while his direct appeal was still pending. **See Williams**, 215 A.3d at 1023. He should have withdrawn his direct appeal with the United States Supreme Court if he wanted to pursue his petition.

[18] It merits repeating the trial court entered an order on February 5, 2019, which removed Attorney Kelly and appointed Attorney Deady to represent Appellant as to his motion for stay of sentence. Appellant filed his *pro se* petition approximately six months later. The court copied Attorney Deady and Attorney Kelly on its September 24, 2019, order and its August 27, 2020, opinion.

standing policy precluding hybrid representation. The Pennsylvania Supreme

Court has explained:

> [A] defendant in a criminal case may not confuse and overburden the courts by filing his own *pro se* briefs at the same time his counsel is filing briefs for him

> \* \* \*

> [This] rationale . . . applies equally to PCRA proceedings[.] We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants. . . .

*Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999). *See also*

*Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper

response to any *pro se* pleading is to refer the pleading to counsel, and to

take no further action on the *pro se* pleading unless counsel forwards a

motion.").[19]   Again, we reiterate that Appellant completed serving his

sentence as of November 2018 — approximately ten months before he filed

this petition. Accordingly, Appellant is not entitled to relief, and the court

properly denied Appellant's August 26, 2019, petition.

---

[19] Even if Appellant was not represented by counsel at the time, Pennsylvania Rule of Criminal Procedure Rule 904, which requires the PCRA court to appoint counsel to represent an appellant in his first petition, would not be applicable. In **Hart**, **supra**, a panel of this Court held: "Although it is axiomatic that a first-time PCRA petitioner is entitled to assistance of counsel, regardless of whether or not the petition is timely on its face, **the failure to appoint counsel is not reversible error where the petitioner's sentence has expired**." **Hart**, 911 A.2d at 942 (emphasis added).

At this Superior Court docket, on February 6, 2023, Appellant filed with this Court an application for relief. He attached a copy of his August 26th petition "with the intent of making it easier for [this] Court to identify the underlying petition in the original record." *See* Application for Relief, 2/6/23, at 1. As this Court located the petition in the certified record, despite Appellant's voluminous filings, we deny this application as moot.

## C. 566 MDA 2021

### April 5, 2021, Order Denying Petition for Writ of Coram Nobis

On March 16, 2021, Appellant filed a document entitled "Petitions for Writ of Coram Nobis, Habeas Corpus, Equitable Relief and Attachments." The trial court denied this petition on April 5, 2021, stating it was without jurisdiction to consider the petition "as the appeal in this case was still pending before the Superior Court of Pennsylvania." Order, 4/5/21.

We conclude Appellant was not entitled to relief on the March 16, 2021, PCRA petition, because he had completed serving his sentence **and** an appeal from the denial of a prior PCRA petition was pending. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Beatty*, 207 A.3d at 961. We thus affirm the trial court's order.

Furthermore, we note that Appellant's March 16th PCRA petition appears to be untimely. "The PCRA's time restrictions are jurisdictional in nature, and a court may not entertain untimely PCRA petitions." *Commonwealth v. Burton*, 158 A.3d 618, 627 (Pa. 2017). Here, Appellant's judgment of sentence became final on October 15, 2019, when the United States Supreme

Court denied his petition for writ of *certiorari*. **See** 42 Pa.C.S. § 9545(b)(3). Appellant then had one year from that date to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Thus, this March 6, 2021, PCRA petition was facially untimely.

## D. 743 MDA 2022

### February 9, 2022, Order Denying Petition for Writ of Coram Nobis

On February 2, 2022, Appellant filed a document entitled "Petition for Writ of Coram Nobis, Habeas & Equitable Relief & Application for Relief." In this petition, he alleges that the email that he sent to the District Attorney, which led to his underlying conviction, qualifies as "free speech" and there were "inaccuracies within the four corners of the charging documents [which gave] rise to a legitimate material challenge to the content within the four corners of the charging documents." Appellant's Petition for Writ of *Coram Nobis*, 2/2/22, at 3-4. The trial court denied this petition seven days later, again stating it was without jurisdiction to consider the petition "as the appeal in this case is still pending before the Superior Court of Pennsylvania." Order, 2/9/22.

Akin to the appeal at Docket No. 566, the trial court's denial of relief was proper because there was a pending appeal pertaining to a prior PCRA petition. **See Beatty**, 207 A.3d at 961. We also affirm the order on the ground Appellant was no longer serving his sentence. **See** 42 Pa.C.S. § 9543(a)(1)(i). Furthermore, the petition appears to be facially untimely

pursuant to 42 Pa.C.S. § 9545 and **Burton**, 158 A.3d at 627. Accordingly, the trial court properly denied Appellant's February 2nd petition.

At this Superior Court docket, Appellant has filed an application for relief, entitled "Application for Relief Per Pa.R.A.P. 1926(b)(1) to Supplement the Certified Trial Court Record with the Attached Copy of the Trial Exhibits and Trial Transcript, which Indexes the Exhibits." He avers the certified record may be missing certain documents, and requests to supplement the record. Appellant also has filed a "Notice to the Superior Court Regarding Appellant's January 25, 2022 Request to the Trial Court Regarding Trial Exhibits" and a "Second Notice to the Superior Court Regarding Appellant's January 25, 2022 Request to the Trial Court Regarding Trial Exhibits." These filings pertain to Appellant's request to the trial court to order the release of several trial exhibits. As no appellate relief is due for the reasons stated above, we deny these applications.

## XI. Conclusion

For the foregoing reasons, we conclude Appellant is not entitled to any relief.[20]

---

[20] We caution Appellant to carefully consider his litigious behavior in the future, and hereby notify him that excessively filing frivolous claims, and/or engaging in other conduct that is abusive to our court system, may result in sanctions and/or the filing of injunctions. We point out our Rules of Appellate Procedure permit parties to file an application with this Court for reasonable counsel fees in cases of frivolous appeals and obdurate, vexatious conduct. **See** Pa.R.A.P. 2744, 2751, 2572; **see also Commonwealth v. Wardlaw**, *(Footnote Continued Next Page)*

At 1876 MDA 2018, we affirm the November 1, 2018, order denying Appellant's motion for stay of sentence. We also grant Attorney Deady's petition to withdraw as counsel.

At 1647 MDA 2019, we affirm the September 24, 2019, order denying Appellant's petition, entitled "I. Addendum to Transcription of October 3, 2012 Preliminary Hearing Transcript; II. Petition for Writ of *Coram Nobis* (New Transcript); III. Petition for Writ of *Habeas Corpus* (New Transcript)." We also deny Appellant's February 6, 2023, application for relief.

At 566 MDA 2021, we affirm the April 5, 2021, order denying Appellant's petition entitled "Petitions for Writ of Coram Nobis, Habeas Corpus, Equitable Relief and Attachments."

At 743 MDA 2022, we affirm the February 9, 2022, order denying Appellant's petition entitled "Petition for Writ of Coram Nobis, Habeas & Equitable Relief & Application for Relief." We also deny Appellant's: (1) January 22, 2023, "Application for Relief Per Pa.R.A.P. 1926(b)(1) to Supplement the Certified Trial Court Record with the Attached Copy of the Trial Exhibits and Trial Transcript, which Indexes the Exhibits;" (2) February 2, 2023, 'Notice to the Superior Court Regarding Appellant's January 25, 2022

---

249 A.3d 937, 947 (Pa. 2021) ("For example, an appellate court 'may award as further costs damages as may be just,' Pa.R.A.P. 2744, provided that, *inter alia*, the party receiving such damages makes '[a]n application for further costs and damages.'") (citation omitted).

Request to the Trial Court Regarding Trial Exhibits"; and (3) February 8, 2023, "Second Notice to the Superior Court Regarding Appellant's January 25, 2022 Request to the Trial Court Regarding Trial Exhibits."

Orders at all appeals affirmed. All outstanding applications for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/09/2023